IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOROTHY BRADFORD,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN C. ERLACHER, SALT LAKE CITY SCHOOL DISTRICT, AND DOES I-X,<br><br>　　　　　　　Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:07-CV-00108-TC |

On March 9, 2007, Defendant John C. Erlacher filed a motion to dismiss Plaintiff Dorothy Bradford's only claim against him for intentional infliction of emotional distress.[1] Because Ms. Bradford failed to comply with the notice of claim requirements of the Utah Governmental Immunity Act, the court GRANTS Mr. Erlacher's motion to dismiss. Accordingly, the court DENIES as moot Ms. Bradford's motion to remand[2] and motion to strike.[3]

## BACKGROUND FACTS

On February 24, 2007, Ms. Bradford alleged in her Amended Complaint that Mr.

---

[1] Docket # 15.

[2] Docket # 17.

[3] Docket # 24.

Erlacher, the principal of Mountain View Elementary school, intentionally inflicted emotional distress upon Ms. Bradford when she was a teacher at that school. Mr. Erlacher first had notice of this cause of action against him when Ms. Bradford filed her Amended Complaint.

## ANALYSIS

I.  **Motion to Dismiss**

The Utah Governmental Immunity Act ("the Act") requires as a jurisdictional prerequisite the filing of a Notice of Claim "within one year after the claim arises regardless of whether or not the function giving rise to the claim is characterized as governmental." Utah Code Ann. § 63-30c-402. An employee of a governmental entity may not be separately sued or held individually liable for an injury caused by an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority. (Id.)

The Act requires that where the State or its employee may be sued—such as under the Whistleblower Act—potential plaintiffs must provide a formal Notice of Claim to the appropriate governmental official before bringing their action. Neilson v. Gurley, 888 P.2d 130, 135-36 (Utah Ct. App. 1994). "[B]ecause improper notice divests the court of subject matter jurisdiction, failure to provide proper notice of claim is a non-waivable defense that any party, or the court, can raise at any time." Id.; Lamarr v. Utah State Dep't of Transp., 828 P.2d 535, 540 (Utah App. 1992); see also, Madsen v. Borthick, 769 P.2d 245, 249-50 (Utah 1988) (no notice of claim filed, thus a failure to satisfy a precondition to suit and therefore "the trial court lacked jurisdiction to consider the merits of their claim.").

Ms. Bradford alleges in her Amended Complaint that the acts that form the basis of her sole claim against Mr. Erlacher began "...around the November, 2005, Thanksgiving break..."

(Am. Compl. ¶ 2.) Accordingly, Ms. Bradford was required to file a Notice of Claim before November 2006—which she failed to do—and her claim against Mr. Erlacher is time barred. Also, because a timely Notice of Claim is a jurisdictional precondition to suit, the court does not have subject matter jurisdiction.

Ms. Bradford maintains that she is entitled to an inference that Mr. Erlacher was not a state actor but committed the tort as an individual actor who is outside the scope of the Act. (See Pl.'s Mem. In Opp'n at n.1.) But it is clear from the Amended Complaint that Ms. Bradford maintains that she suffered emotional distress as a result of Mr. Erlacher's actions while at the school. Moreover, courts have held that the Act's provisions do not distinguish between personal and representative capacities and therefore a notice of claim is required in all suits against state employees. See Kabwasa v. University of Utah, 785 F. Supp 1445 (D. Utah 1990) (holding that the notice of claim provision is applicable to all claims against state employees, "whether of not any judgment might ultimately be payable by the State" as long as the employees' alleged acts occurred within the course of their employment)weialnsj.

For the reasons stated above, the court grants Mr. Erlacher's motion to dismiss.

## ORDER

For the foregoing reasons, the Court GRANTS Mr. Erlacher's motion to dismiss and DENIES as moot Ms. Bradford's motion to remand and motion to strike.

SO ORDERED this 4th day of April, 2007.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
Chief Judge